## STATE OF MAINE

### *vs.*

### DUNCAN McDONALD and ANNETTE McDONALD.

Penobscot.    Opinion.November 25, 1918.

*Contract of insurance.  Vacancy clauses.  Effect upon policy where vacancy is
shown to exist longer than the time allowed under the terms of the policy.
Rule as to such vacancy voiding a policy where the same is made
payable to a mortgagee.*

Prosecution under R. S., Chap. 128, Sec. 22, for wilfully burning an insured build-
ing.   Reported to the Law Court for determination whether at the time of the
fire there was as shown by evidence any valid existing insurance upon the
burned building.   One of the policies contained a clause making the loss pay-
able to a mortgagee.

*Held:*  That as contracts between the insured respondent and the insurance com-
panies the policies had been and were void by reason of non-occupancy.   But
if the mortgage was at the date of the fire outstanding and unpaid and if the
non-occupancy were not due to the act or default of the mortgagee there was
valid existing insurance on the building at the time of the fire.

Indictment for burning buildings with intent to defraud insurance
company.   At close of evidence case was reported to Law Court upon
certain agreed statements.   Judgment in accordance with opinion.

Case stated in opinion.

*Albert L. Blanchard*, County Attorney, for State.

*Benjamin W. Blanchard*, for respondents.

SITTING:  CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL,
DEASY, JJ.

DEASY, J.   Prosecution under R. S., Chap. 128, Sec. 22, for wil-
fully burning a building insured against loss or damage by fire, with
intent to defraud the insurer.   The case comes to the Law Court on
report by order of the presiding Justice as follows:

"This case is reported to the Law Court to have determined the question whether, upon the evidence in the case, any valid, existing insurance was upon the bungalow which was burned on the twenty-eighth day of August, 1917.   If the Law Court finds that no such insurance did so exist, then the case is to be dismissed or to be nol prossed at nisi prius; otherwise the case to be sent back for trial upon the merits."

At the time the fire occurred the owner, Annette McDonald, had two policies of fire insurance on the building in force unless avoided by breach of the conditions of the policies.  Both policies were in standard form.  Both had vacancy permits attached.  It is clear that on August 25th when the building was damaged by fire and on August 28th when it was destroyed by another fire it was unoccupied and had been vacant so long and under such circumstances that the conditions of the policies and of the vacancy permits had been violated and that the policies were void as contracts between the companies and the insured respondent.  This conclusion is obvious from a reading of the evidence and it would serve no useful purpose to state the reasons at length.  *Dolliver* v. *Fire Insurance Company*, 111 Maine, 275.

But one of the policies contained a mortgagee clause as follows:

"Payable in case of loss to the Maine Real Estate Title Company as its interest may appear as mortgagee."

One of the provisions of the Maine Standard policy, which provision was contained in both of the policies involved in this case is as follows:

"If this policy shall be made payable to a mortgagee of the insured real estate no act or default of any person other than such mortgagee or his agents or those claiming under him shall affect such mortgagee's right to recover in case of loss on such real estate."

Notwithstanding the non-occupancy and the forfeiture by the respondents, the mortgagee's rights under the policy remain valid and enforcible provided that at the date named the mortgage on the building was outstanding and unpaid and provided that the breach of condition was not due to the act or default of the mortgagee.  *Gilman* v. *Commonwealth Insurance Company*, 112 Maine, 528, and cases cited.

If on August 28, 1917, the mortgage referred to running to the Maine Real Estate Title Company was in force and if the non-

occupancy was not wholly or in part due to any act or default on the part of the mortgagee there apparently was at that date valid existing insurance upon the building in question; otherwise not.

Case remanded to nisi prius for further proceedings in accordance with this opinion.