PHOENIX MUTUAL LIFE INSURANCE CO., PLAINTIFF IN ER-
ROR, *v.* GREENE COUNTY FARMERS MUTUAL LIFE INS.
CO. DEFENDANT IN ERROR.

(*Knoxville*, September Term, 1932.)

Opinion filed November 26, 1932.

SWINGLE & HARDIN, for plaintiff in error.

SUSONG, SUSONG & PARVIN, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is a suit on a contract of fire insurance, issued to the owner of the property insured, and containing an attached clause for the benefit of the plaintiff as mortgagee of the insured premises. The suit is by the mortgagee.

The insuring clause of the contract of insurance binds the fire insurance company to pay to the insured "all damages to the property described below by fire, lightning, or windstorm of any description, except wind damages to the above-described roll roofing, and when the property is unoccupied at time of loss by fire, wind, or lightning."

The property insured is described as a "fram dwelling," and was insured for $200.

The mortgage clause attached to the insurance contract is captioned: "National Board Standard Mortgage Clause," and contains provisions in substantial accord with those prescribed for such contracts by section 6175 of the Code of Tennessee. The particular provision material here is: "This policy, as to the interest therein of the said payee, as mortgagee (or trustee) only, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, . . . nor by any increase of hazard."

Material facts, stipulated by the parties, are that the dwelling house was wholly destroyed by fire on a morning, two or three days after it had been vacated by the owner's tenant; that on the day before the fire the owner had worked some tobacco in the house, kindling a fire in the fireplace to heat the room; that on the morning of the fire the owner had rekindled the fire, preparatory to having the house cleaned "for another party whom he expected to move into the house;" that within ten or twelve minutes after he left the house, going to his own dwelling one hundred yards away, he discovered the building was on fire.

On these facts the circuit court ruled that the property was unoccupied at the time of the loss by fire, and that under the terms of the contract the insurer is not liable for the loss. Assignments of error by the mortgagee, plaintiff, are that that property was not unoccupied in the sense of the contract, during the short interval between tenants; and that, if unoccupied, the property was nevertheless covered by the insurance to the extent of the mortgagee's interest, under the terms of the mortgage clause.

The insurer contends that the language of the contract does not create a forfeiture of the insurance because of its unoccupied condition, but that the parties agreed that the insurance should only be in force while the property was occupied. As expressed in the text of Couch on Insurance, vol. 4, sec. 969, the clause, worded as in this contract, is neither a condition nor a warranty, but simply causes a "suspension" of the insurance during the time the property is unoccupied. It is then insisted that the purpose of the mortgage clause is to protect the mortgagee against acts of the insured which as to him would invalidate or avoid the insurance, as in the case of a forfeiture.

In *Laurenzi* v. *Insurance Company*, 131 Tenn., 644, 655, 176 S. W., 1022, this court expressly disapproved the view "that the contract in favor of the mortgagee is dormant until that of the owner of the property is rendered void by some act or neglect of such owner." The view of the mortgage clause, approved as the more reasonable and supported by the weight of authority, was stated to be as follows: "That view is that the contract evidenced by the rider is a separate and distinct one with the mortgagee, designed for his protection, and in operation from the date of its execution; that, in so far as the policy or contract with the mortgagor is in harmony therewith, it is to be referred to, to supplement and complete the terms of the mortgagee's contract, and, in so far as the policy is out of harmony with the rider, such adverse provisions are to be disregarded; and, further, that under such a contract the security of the mortgagee cannot be invalidated, either in whole or in part, by any act or neglect of the mortgagor, either prior

or subsequent to the execution of such contract with the mortgagee."

The statute above cited, section 6175 of the Code of Tennessee (1932), provides that a contract of fire insurance, made payable to a mortgagee as his interest may appear, shall not be invalidated as to him by "occupation of the premises for purposes more hazardous than are permitted by such policy." The contract in suit contains language broader than the statutory provision, for it is stipulated in the contract, without limitation to mere change of occupation, that it shall not be invalidated as to the interest of the mortgagee by "any increase of hazard."

The mortgagee has not grounded its case on the provision that the insurance shall not be invalidated as to it by any increase of hazard, but this broad language cannot be overlooked in construing and giving effect to the clause relied upon, that the insurance "shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property." The clause as a whole, quoted hereinabove, can mean no less than that no act or neglect of the owner, which may increase the hazard, shall invalidate the insurance as to the mortgagee.

*State* v. *McDonald*, — Maine, —, 104 Atl., 849, gave effect to a similar mortgage clause as saving a contract of fire insurance from enforcement of a condition of the principal contract, that it should be void if the property should remain unoccupied. We have been cited to no other case dealing with the particular point, but this ruling clearly gives effect to the primary purpose and object of the contract expressed in the mortgage clause, "to furnish to the mortgagee a reliable security in a

definite sum free from any interference on the part of the mortgagor which would, to any extent, invalidate or make less that security." *Laurenzi* v. *Insurance Company, supra,* at page 661.

We conclude that the mortgage clause of the contract is inconsistent with and repugnant to the provision of the policy that the property should not be insured while unoccupied, and that the former provision expresses the true contract between the insurer and the mortgagee which, following the authorities cited, must be enforced by judgment here in favor of the mortgagee. We therefore find it unnecessary to consider whether the temporary vacancy of the dwelling house shown in the stipulation of facts would have invalidated the insurance in favor of the owner.

It is stipulated that the property, insured for $200, was worth that sum, and that it was entirely destroyed by fire. Judgment will be rendered here for plaintiff in error for that amount, with costs. Neither the warrant nor the assignments of error ask for interest, and, therefore, none will be included.